# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OMAR H. COLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 10-154-FHS-SPS |
| KEN GRACE, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss. The court has before it for consideration plaintiff's amended complaint, the defendant's motion, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff has not filed a response to the motion.

Plaintiff, a former inmate at the Carter County Detention Center (CCDC) in Ardmore, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive relief to address an alleged infestation of black mold at the CCDC and to reduce overcrowding there. The defendant is Carter County Sheriff Ken Grace.

Plaintiff alleges the conditions of confinement at the CCDC violated the Eighth Amendment. He claims the facility was unsanitary and so overcrowded that inmates had to sleep on the floor. The inmates allegedly were exposed to black mold, there was no fresh air or sunshine, and there were threats of violence in the facility. He also asserts the failure to transfer him to a Department of Corrections facility prevented him from accruing earned credits and violated the settlement agreement in *Battle v. Anderson*, No. CIV 72-0095-JHP.

Defendant Grace alleges in his motion to dismiss that plaintiff failed to exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available

administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the special report, the CCDC has an inmate grievance policy that requires inmates to submit written grievances when an inmate believes he has been subjected to abuse, harassment, abridgement of civil rights, or a denial of specified privileges. A review of plaintiff's records, however, indicated he failed to submit written grievances regarding any of his claims prior to filing this complaint.

The special report further indicates plaintiff was transferred to a Department of Corrections facility on June 25, 2010, prior to filing his amended complaint. Therefore, his requests for injunctive relief are moot. *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)). *See also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996). To the extent plaintiff alleges there were violations of the *Battle* decisions, that case was closed for all purposes in 2001, and all injunctions were dissolved.

**ACCORDINGLY,** Defendant Ken Grace's motion to dismiss [Docket No. 25] is GRANTED. Plaintiff's requests for injunctive relief are DISMISSED WITH PREJUDICE, and his remaining claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

DATED this 5th day of March, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma